# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Petitioner, | ) |
| v. | ) **Case No. CIV 09-450-FHS-KEW** |
| **RANDALL WORKMAN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This habeas corpus matter, construed as a petition pursuant to 28 U.S.C. § 2254, was transferred to this court from the United States District Court for the Eastern District of Texas, because petitioner is challenging his first-degree murder conviction and life sentence in Choctaw County, Oklahoma, Case No. CRF-81-83 [Docket #15]. Since the transfer, petitioner has filed numerous motions for evidentiary hearings and release from custody, challenging evidence used in his conviction, and requesting other forms of relief. The respondent has filed a motion to dismiss the petition as time barred or for failure to receive authorization from the Tenth Circuit Court of Appeals for this second or successive petition [Docket #38].

The record shows that petitioner filed a previous habeas corpus petition in this court challenging his conviction and sentence in Choctaw County District Court Case No. CRF-81-83, and the petition was dismissed as barred by the statute of limitations. *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). Petitioner has presented nothing in his pleadings indicating this present habeas petition also is not barred pursuant to 28 U.S.C. § 2244(d). He has continued to file post-

conviction applications in state court, but in 2008 the Oklahoma Court of Criminal Appeals barred him from seeking further relief from his Judgment and Sentence in CRF-81-83. *White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008) [Docket #39, Exhibit 3 at 3]. There is no statutory tolling for these post-conviction proceedings initiated after the limitations period had expired. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). In addition, petitioner has failed to demonstrate any entitlement to equitable tolling. *See York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003) (holding that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances.").

Even if petitioner's claims were timely, this would be a second or successive petition. On April 30, 2009, the Tenth Circuit Court of Appeals denied his second motion for authorization to file a second or successive petition, finding he had "failed to make a prima facie showing of new facts." *In re White*, No. 09-7045, slip op. at 2 (10th Cir. Apr. 30, 2009). Petitioner, therefore, has failed to comply with the requirements of 28 U.S.C. § 2244(b)(3)(A) by receiving authorization from the Tenth Circuit prior to filing a second or successive petition.

Finally, one of petitioner's pending motions is for compensatory and punitive damages [Docket #56]. Such relief is not available until he has proven his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254).

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #38] is GRANTED, all of petitioner's pending motions are DENIED, and this action is DISMISSED in its entirety.

DATED this 8th day of July, 2010.

*Frank H. Seay*
Frank H. Seay
United States District Judge